UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

TANKO PILABRE, BORIS DE JESUS BERMUDEZ
GIL, and MOHAMMED MUBARIK on behalf of
themselves and all others similarly situated,

                                Plaintiff(s),

                    -v-

PARTS AUTHORITY, LLC, PARTS
AUTHORITY-WAW LLC, DJR LOGISTICS
CORP., 130 ST EQUITIES LLC, AC
AUTOMOTIVE, INC., AD DELIVERY &
WAREHOUSING INC., and BHAGWANDIN
RAM a/k/a STEVE RAM a/k/a STEVE DABIE,

                             Defendant(s).

-------------------------------------------------------------------------X

26 Civ. 01443 (PAE)

CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER

       This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties  (consent) (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c).  [Circle one.]  The parties are free to withhold consent without adverse substantive consequences.  [If all parties consent, the remaining paragraphs need not be completed.]

2.     This case  (is)  (is not)  to be tried to a jury.  [Circle one.]

3.     Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within **30** days from the date of this Order.  [Absent exceptional circumstances, thirty (30) days.]

4.     Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than **14** days from the date of this Order.  [Absent exceptional circumstances, fourteen (14) days.]

5.     All fact discovery relating to the Named Plaintiffs, Opt-In Plaintiffs, and Rule 23 pre-certification discovery, shall be completed no later than **December 23, 2026.**  Motion for class certification to be filed **January 26, 2027**. If a motion for class certification is granted, the parties shall submit a proposed discovery schedule for the certified class within 30 days of the Order granting class certification.

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

        a.     Initial requests for production of documents to be served by **July 8, 2026**.

        b.     Interrogatories to be served by **July 8, 2026**.

c.  Depositions to be completed by **November 16, 2026.**
d.  Requests to Admit to be served no later than **November 16, 2026.**

7.  a.  All <u>expert</u> discovery shall be completed no later than **December 14, 2026**

b.  No later than thirty (30) days prior to the date in paragraph 5, *i.e.*, the completion of fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.  All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed.  Motions for summary judgment as to the Named Plaintiffs and Opt-in Plaintiffs shall be filed no later than 30 days following the Court's Order denying class certification; if a motion for Rule 23 class certification is granted, motions for summary judgment as to the certified class shall be filed no later than 30 days following the close of post-certification fact discovery.

9.  All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of pre-certification fact discovery.

10.  a.  Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

_____
_____
_____

b.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case:  (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

Parties may retain a private mediator.

_____

c.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b), be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

_____
_____

    d.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Order date is thirty (30) days following the close of post-certification fact and expert discovery (whichever is later).  By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3).  Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date.  If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date.  Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission.  Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A).  If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.  However, if any party files a motion for summary judgment in accordance with the Court's Individual Rules, the deadlines in this paragraph are stayed pending resolution of that motion.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is **5 days**

13. [Other items, including those in Rule 26(f)(3).] Plaintiff intends for file a motion for conditional certification under the FLSA by **August 24, 2026.**

-----------------------------------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14. [Other]

15. The next Case Management Conference is scheduled for _____ at _____

Unless otherwise indicated, the Case Management Conference will be held **telephonically**.  The parties should call into the Court's dedicated conference line at **(888) 363-4749, and enter Access Code 468-4906, followed by the pound (#) key**.  Counsel are directed to review the Court's Emergency Individual Rules and Practices in Light of COVID-19, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences and for instructions for communicating with chambers.

All conferences with the Court are scheduled for a specific time; there is no other matter scheduled for that time, and counsel are directed to appear promptly.  All pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

**Please email to EngelmayerNYSDChambers@nysd.uscourts.gov, no later than twenty-four hours before the conference**, the names of any counsel who wish to enter an appearance at the conference, and the number from which each counsel will be calling.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

_____
                              Paul A. Engelmayer
                              United States District Judge

Dated:          New York, New York
          _____

4