PECHMAN LAW GROUP PLLC
LABOR & EMPLOYMENT ATTORNEYS

488 MADISON AVENUE
NEW YORK, NEW YORK 10022
(212) 583-9500
WWW.PECHMANLAW.COM

September 21, 2026

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re: *Pilabre et al. v. Parts Authority, LLC et al.*
No. 26 Civ. 1443 (PAE)

Dear Judge Engelmayer:

We represent Plaintiffs Tanko Pilabre, Boris de Jesus Bermudez Gil, and Mohammed Mubarik ("Plaintiffs") and the putative FLSA Collective and Rule 23 Class in this Action. In accordance with Rule 2(E) of the Court's Individual Rules and Practices in Civil Cases ("Individual Rules") and Local Civil Rule 37.2, we submit this letter-motion to compel from the DJR Defendants[1] and DRA Entities[2]: (1) the production of a complete Collective List in compliance with the August 21, 2026 Stipulation and Order conditionally certifying an FLSA Collective, ECF No. 70 ("Stipulation"); and (2) initial disclosures in accordance with Rule 26 of the Federal Rules of Civil Procedure ("FRCP") and responses to Plaintiffs' Discovery Requests, with accompanying productions. Plaintiffs' counsel has attempted to confer in good faith with counsel for the DJR Defendants and the DRA Entities regarding these deficiencies in accordance with the Court's Individual Rule 2(E) as set forth below.

**Collective List**

Per the Stipulation, the DJR Defendants[3] were to produce within 15 days of August 21: a list containing the (a) full names; (b) last known mailing addresses; (c) last known telephone numbers; (c) last known e-mail addresses; and (d) dates of work performed at the Bronx Warehouse (the "Collective List") for all workers who performed

[1] The DJR Defendants are Defendants DJR Logistics Corp. and Bhagwandin Ram.

[2] The DRA Entities are Defendants DRA Logistics Corp., 130 St Equities LLC, AC Automotive Inc., and AD Delivery & Warehousing Inc.

[3] For purposes of the Stipulation, the DJR Defendants includes the DRA Entities.

work at Parts Authority's Bronx Warehouse between February 20, 2023 and February 20, 2026, and received wages through the DJR Defendants. *See* ECF No. 70. The DJR Defendants failed to produce the Collective List by the deadline.

On September 11, 2026, the DJR Defendants produced a list containing the names, email addresses, and phone numbers of 37 individuals. This list failed to provide mailing addresses and dates of employment for any of the individuals. Plaintiffs' counsel promptly reviewed the list against rosters of individuals who received wages from DJR Logistics Corp. contained in productions from the Parts Authority Defendants, an example of which is contained at **Ex. 1**. Based on this review, Plaintiffs' counsel identified **140 total individuals** from rosters produced to date who received wages from the DJR Defendants, **only 36 of whom were included on the list.**[4]

On September 14, 2026, Plaintiffs advised counsel for the DJR Defendants and DRA Entities of the deficiencies in the list, produced the comparison sheet attached as **Ex. 2**, and requested a meet-and-confer and production of a comprehensive Collective List compliant in all respects with the Stipulation by September 16. Counsel for the DJR Defendants indicated availability for the meet-and-confer on September 16, but failed to appear.[5] As of this filing, the DJR Defendants have not produced a comprehensive Collective List or made any representation as to when the Collective List will be produced.

**Discovery Deficiencies**

Per the June 24, 2026 Civil Case Management Plan and Scheduling Order ("CMP"), ECF No. 59, the deadline for production of FRCP 26 initial disclosures was July 8. The DJR Defendants and DRA Entities have failed to produce initial disclosures as of this filing.

Plaintiffs served their First Sets of Interrogatories and First Sets of Requests for the Production of Documents (the "Discovery Requests") on the DJR Defendants and DRA Entities on July 8, 2026. The response deadline was August 7, 2026. Plaintiffs entertained multiple requests for extension of the response deadline. On September 4, 2026, Plaintiffs demanded production of the overdue initial disclosures, responses to the Discovery Requests, and accompanying productions by September 11. The DJR Defendants made no productions. The DRA Entities provided responses and objections to the Discovery Requests in Word format and indicated that verified interrogatory responses were forthcoming.

---

[4] The Parts Authority Defendants have also produced rosters from DRA Logistics Corp. and AC Automotive Inc. containing the names of workers who received wages through these entities. Counsel for the DRA Entities has represented that they have no records to produce in this matter. While this representation raises serious concerns around spoliation that will be further addressed following depositions, for purposes of this Motion, Plaintiffs' focus is on ensuring that the DJR Defendants provide a comprehensive Collective List as required.

[5] Counsel for the DRA Entities appeared for the meet-and-confer and represented that the DRA Entities are not in possession of any relevant records as noted above.

Plaintiffs requested to meet-and-confer on September 16 regarding these discovery deficiencies. Counsel for the DJR Defendants indicated availability for the meet-and-confer, but failed to appear. Counsel for the DRA Entities appeared and stated that verified interrogatory responses and Rule 26 disclosures would be made by September 18. As of this filing, (1) the DJR Defendants have not produced initial disclosures, responses and objections to the Discovery Requests, or any accompanying productions, and (2) the DRA Entities have not produced initial disclosures or verified interrogatory responses.[6]

Accordingly, Plaintiffs respectfully request that the Court enter an Order:

1. Requiring the DJR Defendants to produce a complete Collective List containing all information required by the Stipulation, inclusive of information for the 104 workers identified on the DJR rosters but absent from the current list, by **September 25, 2026**;
2. Tolling the remaining Stipulation deadlines pending production of the complete Collective List;
3. Finding that the DJR Defendants have waived any objections to Plaintiffs' Discovery Requests by failing to comply with FRCP 34;[7]
4. Requiring the DJR Defendants to produce initial disclosures, responses to Plaintiffs' Discovery Requests, and accompanying productions by **September 25, 2026**; and
5. Requiring the DRA Entities to produce initial disclosures and verified interrogatory responses by **September 25, 2026**.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

Galen C. Baynes

cc: Counsel of Record via ECF

Exhibits

Consistent with the Court's Individual Rule 2(E), Defendants' response to this letter is due September 25, 2026.

SO ORDERED.

Date: September 22, 2026
New York, New York

PAUL A. ENGELMAYER
United States District Judge

[6] Counsel for the DRA Entities advised on September 20 that the same are forthcoming.

[7] *See, e.g., Cambridge Capital LLC v. Ruby Has LLC*, No. 20 Civ. 11118 (LJL), 2022 U.S. Dist. LEXIS 53814, at *14 (S.D.N.Y. Mar. 24, 2022) ("[P]arty who fails to make a timely objection or fails to comply with the provisions of Rule 34 regarding the manner of making objections to a request for production of documents may be deemed to have waived the objection.").