UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANKO PILABRE *et al.*,<br><br>Plaintiffs,<br>-v-<br><br>PARTS AUTHORITY, LLC *et al.*,<br><br>Defendants. | 26 Civ. 1443 (PAE)<br><br><u>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

This Order resolves a discovery dispute and a subsequent motion for an extension of time to respond to discovery. On September 21, 2026, plaintiffs filed a motion seeking to compel discovery responses and productions by DJR Logistics Corp. and Bhagwandin Ram (collectively, the "DJR defendants") and DRA Logistics Corp., 130 St. Equities LLC, AC Automotive, Inc., and AD Delivery & Warehousing Inc. (collectively, the "DRA entities"). Dkt. 87. On September 25, the DJR defendants responded. Dkt. 90. The same day, the DRA entities responded. Dkts. 91. On September 30, 2026, while plaintiffs' motion was pending, counsel for the DRA entities sought to substitute counsel. Dkt. 99. Attached to the stipulation and proposed order to that effect, newly substituted counsel attached a declaration whose header indicates it is in support of a motion for extension of time to respond to discovery, but whose substance largely supports the request to substitute counsel. *See* Dkt. 99-1. That declaration includes a line averring that counsel "have asked for thirty (30) days to respond to pending discovery and for a copy of exchanged discovery requests and responses so that we can get this case on track." *Id.* at 2. Counsel's subsequent submission, which was docketed as a motion for an extension of time to complete discovery, consists solely of a reproduction of the same declaration. *See* Dkt. 100. For

efficiency's sake, the Court will treat the filing at Dkt. 100 amending the DRA entities' responses to plaintiffs' motions to compel—in which the DRA entities did not, originally, request an extension—to include a request for 30 additional days to complete its relevant discovery obligations.

*1. The DJR defendants' production of a complete collective list*

Plaintiffs first seek to compel the DJR defendants to produce a complete "collective list" pursuant to this Court's Order of August 21, 2026.

On August 21, 2026, this Court endorsed an agreement by the parties which stipulated to conditional certification of a Fair Labor Standards Act collective action and to various deadlines. Dkt. 70. Among the stipulated deadlines, the parties agreed that within 15 days of the Court's Order—*i.e.*, by September 5, 2026—the DJR defendants would provide plaintiffs' counsel with a Microsoft Excel list containing, for all individuals within the stipulated collective, names, addresses, telephone numbers, e-mail addresses, and dates worked at a particular warehouse. *Id.* at 1–2.

The DJR defendants failed to produce the collective list by that deadline. On September 11, 2026, the DJR defendants produced a list containing the names, email addresses, and phone numbers of 37 individuals. Dkt. 87 at 2. Plaintiffs' counsel later identified 104 individuals who, based on cross-reference to discovery obtained from defendants not party to this dispute, plaintiffs believed should appear on the list but did not. On September 14, 2026, plaintiffs advised defendants of this deficiency, and the parties set a time for a meeting, which DJR defendants' counsel did not attend because a conflicting proceeding unexpectedly ran through the time of the meet-and-confer. *Id.*; *see also* Dkt. 90 at 2.

Plaintiffs request that the Court require the DJR defendants to produce a complete collective list containing all information required by the stipulation by September 25, 2026, and that the Court toll the remaining stipulation deadlines pending production of the complete collective list.

The DJR defendants do not oppose the request for production of a complete collective list, and assert that the deficiencies in their initial production were unintentional and resulted in part from the DJR defendants' misreading the stipulation. Dkt. 90 at 1.

The Court grants the unopposed motion to compel the DJR defendants to produce a complete collective list. Plaintiffs sought a production deadline of September 25, 2026. Since that date was the defendants' deadline to respond to the motion to compel under the Court's Individual Rule 2(E), and has now passed, the Court extends the deadline for the DJR defendants to produce the complete collective list to October 9, 2026. Consistent with the terms of the stipulation, within 15 calendar days of plaintiffs' counsel's receipt of the list from DJR defendants, plaintiffs' counsel shall cause copies of the stipulated Notice and Consent to be sent to the individuals on the list. If the delayed production of the collective list necessitates further adjustment of the deadlines set out in the stipulation, the Court expects that it would grant such a request by plaintiffs.

2. *Initial disclosures and waiver issue*

Plaintiffs next seek (1) to compel the DJR defendants to produce initial disclosures, responses to discovery requests, and accompanying productions by September 25, 2026; (2) to compel the DRA entities to produce initial disclosures and verified interrogatory responses by September 25, 2026; and (3) an Order finding that defendants have waived any objections to plaintiffs' discovery requests by failing to comply with Fed. R. Civ. Pro. 34. Dkt. 87 at 3.

On July 8, 2026, plaintiffs served their first sets of interrogatories and requests for production on defendants. *Id.* The response deadline was August 7, 2026. *Id.* That deadline was extended multiple times; on September 4, 2026, plaintiffs demanded production of the overdue initial disclosures by September 11, 2026. *Id.* The DJR defendants made no responsive productions; the DRA entities provided responses and objections in Word-document format and indicated that verified interrogatory responses were forthcoming. *Id.*

The DJR defendants do not oppose plaintiffs' request for production of these materials and request an extension, to October 9, 2026, to comply. Dkt. 90 at 1–2. In support of the extension request, the DJR defendants aver that more time is needed "due to communication and availability issues between counsel and client." *Id.* at 1.

The DRA entities do not oppose plaintiffs' request for production of these materials. Dkt. 91 at 1. Explaining the deficiencies in their earlier productions, the DRA entities represent—as explained in their previous, unverified interrogatory responses—that (1) the person presently associated with the DRA entities has advised that DRA Logistics Corp. and 130 St. Equities LLC stopped operating upon the death of that individual's father, who previously owned and controlled the operations of all of the DRA entities; (2) AC Automotive, Inc., and AD Delivery & Warehousing Inc. ceased operations approximately 10 to 15 years ago; and (3) the former basement office of these entities has been converted into an apartment, and at least partly for that reason, he has no knowledge of the location of responsive historical records of the DRA entities. *Id.* at 2–3.

The Court grants in part the unopposed motions (1) to compel the DJR defendants to produce initial disclosures, responses to discovery requests, and accompanying productions, and (2) to compel the DRA entities to produce initial disclosures and verified interrogatory

responses, with the sole amendment that all such disclosures and adjustments are to be made by October 30, 2026. No further extensions of this deadline will be granted.

The Court does not find warranted plaintiffs' proposal of a blanket waiver of defendants' objections to plaintiffs' discovery requests. Such waivers, on the basis of failure to comply with Fed. R. Civ. Pro. 34, are generally reserved for situations where (1) there is no showing of good cause for the late response, (2) a party has not responded to discovery requests despite court intervention, or (3) a party has failed entirely to respond. *Callaway Golf Co. v. Corporate Trade Inc.*, No. 10 Civ. 1676, 2011 WL 1642377, at *2 (S.D.N.Y. Apr. 25, 2011). Here, although defendants' tardiness was regrettable and avoidable, defendants have articulated good-faith explanations for it—that the DJR defendants misread the stipulation, that there were coordination issues between counsel and clients, and that the DRA entities had difficulty ascertaining the whereabouts of documents as a result of the entities' owner's passing. This is the Court's first intervention in discovery in this case—no doubt partly because plaintiffs privately agreed to prior extensions of defendants' discovery deadlines throughout August, *see* Dkt. 87 at 2, for which the Court extends its thanks—and defendants have not opposed the substance of plaintiffs' motion to compel production. The Court accepts defendants' representations that they will comply with these discovery requests by making all productions by the revised deadlines, and it will hold defendants to that commitment. *See* Dkts. 90 at 2, 91 at 1. And there is no claim of wholesale non-compliance by any defendant with discovery obligations. *See* Dkt. 87 at 2. For these reasons, the Court will permit defendants to raise objections in their responsive productions. Defendants are notified, however, the Court will not look upon future lapses with similar generosity.

The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 87 and 100. The Court will resolve the motion to substitute counsel by separate Order.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: October 1, 2026
New York, New York