UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TANKO PILABRE, BORIS DE JESUS BERMUDEZ, GIL, and MOHAMMED MUBAREIK, on behalf of themselves and all others similarly situated,

Case No.: 26-cv-1443 (PAE)

Plaintiffs,

-against-

PARTS AUTHORITY, LLC, PARTS AUTHORITY-WAW LLC, DJR LOGISTICS CORP., DRA LOGISTICS CORP., 130 ST EQUITIES LLC, AC AUTOMOTIVE, INC., AD DELIVERY & WAREHOUSING INC., SEEROJNIE DABIE AS ADMINISTRATOR OF THE ESTATE OF AMRIT DABIE, RAMNARINE DABIE A/K/A STEVE RAM A/K/A STEVE DABIE, RAVINDRA DABIE, and BHAGWANDIN RAM,

Defendants.

**SEEROJNIE DABIE, AS ADMINISTRATOR OF THE ESTATE OF AMRIT DABIE, DRA LOGISTICS CORP., 130 ST EQUITIES LLC, AC AUTOMOTIVE, INC., and AD DELIVERY & WAREHOUSING INC.'s ANSWER TO THE AMENDED COMPLAINT**

Defendants, Seerojnie Dabie, as Administrator of the Estate of Amrit Dabie, DRA Logistics Corp., 130 St Equities LLC, AC Automotive, Inc., and AD Delivery & Warehousing Inc., (herein "Answering Defendants"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Answer to the First Amended complaint filed at Docket 76 (herein, "amended complaint") of the plaintiffs, Tanko Pilabre, Boris de Jesus Bermudez Gil, and Mohammed Mubarik (herein "plaintiffs"), and state as follows:

## NATURE OF THE ACTION

1. Answering Defendants deny the allegations contained in paragraphs 1, 2, and 3, of the amended complaint.

**JURISDICTION**

2. Answering Defendants admit subject matter jurisdiction as alleged in paragraph 4, of the amended complaint.

**VENUE**

3. Answering Defendants admit venue as alleged in paragraph 5, of the amended complaint.

**THE PARTIES**

4. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations as stated, in paragraph 6, of the amended complaint.

5. Answering Defendants deny the allegations in paragraph 7, of the amended complaint.

6. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations as stated, in paragraph 8, of the amended complaint.

7. Answering Defendants deny the allegations in paragraph 9, of the amended complaint.

8. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations as stated, in paragraph 10, of the amended complaint.

9. Answering Defendants deny the allegations in paragraph 11, of the amended complaint.

10. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations as stated, in paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25, of the amended complaint.

11. Answering Defendants deny the allegations as stated, in paragraphs 26, 27, 28, and 29, of the amended complaint.

12. Answering Defendants admit the allegations in paragraphs 30, 31, and 32, of the amended complaint.

13. Answering Defendants deny the allegations in paragraphs 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42, of the amended complaint.

14. Answering Defendants admit the allegations in paragraphs 43, 44, 45 and 46, of the amended complaint.

15. Answering Defendants deny the allegations as stated, in paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, and 60, of the amended complaint.

16. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations as stated, in paragraphs 61, and 62, of the amended complaint.

17. Answering Defendants deny the allegations as stated, in paragraph 63, of the amended complaint.

18. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations as stated, in paragraphs 64, 65, and 66, of the amended complaint.

**FACTUAL ALLEGATIONS**

19. Answering Defendants deny the allegations as stated, in paragraphs 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, and 110, of the amended complaint.

## COLLECTIVE ACTION ALLEGATIONS

20. Answering Defendants deny the allegations as stated, in paragraphs 111, 112, 113, 114, 115, 116, 117, 118, and 119, of the amended complaint.

## CLASS ACTION ALLEGATIONS

21. Answering Defendants deny the allegations as stated, in paragraphs 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, and 131, of the amended complaint.

## FIRST CLAIM

22. Answering Defendants repeat, reaver, and reallege, each and every admission and denial in response to those paragraphs of the amended complaint referred to in paragraph 132 thereof, as though fully set forth herein.

23. Answering Defendants deny the allegations contained in paragraphs 133, 134, 135, and 136, of the amended complaint.

## SECOND CLAIM

24. Answering Defendants repeat, reaver, and reallege, each and every admission and denial in response to those paragraphs of the amended complaint referred to in paragraph 137 thereof, as though fully set forth herein.

25. Answering Defendants deny the allegations contained in paragraphs 138, 139, 140, 141, 142, and 143, of the amended complaint.

## THIRD CLAIM

26. Answering Defendants repeat, reaver, and reallege, each and every admission and denial in response to those paragraphs of the amended complaint referred to in paragraph 144 thereof, as though fully set forth herein.

27. Answering Defendants deny the allegations contained in paragraphs 145, 146, 147 and 148, of the amended complaint.

**FOURTH CLAIM**

28. Answering Defendants repeat, reaver, and reallege, each and every admission and denial in response to those paragraphs of the amended complaint referred to in paragraph 149 thereof, as though fully set forth herein.

29. Answering Defendants deny the allegations contained in paragraphs 150, and 151, of the amended complaint.

**FIFTH CLAIM**

30. Answering Defendants repeat, reaver, and reallege, each and every admission and denial in response to those paragraphs of the amended complaint referred to in paragraph 152 thereof, as though fully set forth herein.

31. Answering Defendants deny the allegations contained in paragraphs 153, 154, and 155, of the amended complaint.

**SIXTH CLAIM**

32. Answering Defendants repeat, reaver, and reallege, each and every admission and denial in response to those paragraphs of the amended complaint referred to in paragraph 156 thereof, as though fully set forth herein.

33. Answering Defendants deny the allegations contained in paragraphs 157, 158, and 159, of the amended complaint.

34. Answering Defendants deny the allegations in the PRAYER FOR RELIEF paragraph, including all subparts therein, of the amended complaint.

35. Defendants respectfully deny each and every other allegation contained in the amended complaint not expressly admitted in this answer.

**ANSWERING DEFENDANTS' AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims, in whole or in part, fail to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs have been paid all monies owed to them.

**THIRD AFFIRMATIVE DEFENSE**

Answering Defendants have fully complied with all requirements of local, state and federal laws.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' amended complaint fails to sufficiently plead facts that would support a plausible claim they worked compensable overtime in a workweek longer than forty (40) hours, and as such, plaintiffs have failed to properly plead a claim for unpaid overtime under the FLSA or New York Labor Law.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, to the extent that any uncompensated time is *de minimis.*

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to civil penalties, prejudgment/post-judgment interest, statutory damages, liquidated damages, punitive damages, or an extended statute of limitations, because any alleged act or omission giving rise to plaintiffs' claims was made in good faith and was not willful or reckless, and because defendants had reasonable

grounds for believing that any such alleged act or omission was not a violation of the FLSA or New York Labor Law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs were properly paid for each and every hour worked, in compliance with the FLSA and New York Labor Law.

**EIGHTH AFFIRMATIVE DEFENSE**

Although Answering Defendants deny owing wages or other amounts to plaintiffs, if it were determined that any such monies are owed, plaintiffs' claims for liquidated damages should be barred because any and all actions taken by Answering Defendants were not in violation of the FLSA or NYLL.

**NINTH AFFIRMATIVE DEFENSE**

Although Answering Defendants deny owing any unpaid wages or other amounts to plaintiffs, if answering defendants are found to owe any money to plaintiffs, whatever monies are said to be owed should be offset by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA or NYLL.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs have not sustained economic or any other damages as a result of any alleged act of the Answering Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages, are barred by the extent of plaintiffs' fraud, fraudulent inducement, bad faith, misrepresentations, and/or unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The individual defendant was not plaintiffs' "employer" for purposes of the FLSA or NYLL.

**FIFTEENTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, as to all the hours allegedly worked by Plaintiffs, that were not reported in accordance with any applicable policies or procedures.

**SIXTEENTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, as to all hours allegedly worked by Plaintiffs, of which Answering Defendants lacked actual or constructive knowledge.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent answering defendants failed to provide plaintiffs with notices required by New York Labor Law § 195(1), Plaintiffs are not entitled to any damages in this District as there is no private right of action nor standing to assert such claims in this court, and plaintiffs' cause of action for such penalty should be dismissed.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

NY Labor Law §195 does not provide for a private right of action, and even assuming arguendo that it does, Plaintiffs are not entitled to any relief thereunder since they were otherwise paid all wages owed.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent they petitioned for bankruptcy either under Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Answering Defendants as required under applicable bankruptcy laws.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any equitable relief since they have an adequate remedy at law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Technical statutory violations that do not lead to either a tangible injury or something akin to a traditional cause of action cannot confer Article III standing in federal court. Therefore, plaintiff lacks standing to file NYLL Sec. 195 claims in this court.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

If plaintiffs sustained or suffered damages as alleged in the amended complaint, which Answering Defendants expressly deny, such damages were suffered and sustained by reason of other culpable conduct of person or persons or entities over whom the answering defendants exercised no control or supervision, and not by reason of any conduct of the Answering Defendants.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff has not sustained economic or any other damages as a result of any alleged act of the Answering Defendants.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The claims against answrring defendants are barred, in whole or in part, because, to the extent plaintiffs were harmed, that harm was caused by the conduct of parties other than Answering Defendants and over whom Answering Defendants have no control.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The complaint is presented in conclusory and vague terms, which prevents Answering Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Answering Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The claims alleged in the amended complaint against Answering Defendants are barred in whole or in part by the applicable statute of limitations.

**JURY DEMAND**

Answering Defendants respectfully demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

WHEREFORE, Answering Defendants respectfully request that the court:

(a.) Dismiss the amended complaint in its entirety with prejudice;

(b.) Deny each and every demand and prayer for relief therein;

(c.) Award Answering Defendants reasonable costs and fees incurred in defending this action; and

(d.) Grant such other, further, and different relief as the court determines to be just and proper under the circumstances of this case.

Dated: New York, New York
October 28, 2026

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Seerojnie Dabie, as Administrator of the Estate of Amrit Dabie, DRA Logistics Corp., 130 St Equities LLC, AC Automotive, Inc., and AD Delivery & Warehousing Inc.**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone (212) 209-3933
Facsimile (212) 209-7102

By: ______________________
Peter H. Cooper (PHC 4714)

To: All Counsel of Record (Via ECF)